IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　　　　Petitioner,　　:
　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　:　　No.  CA-05-141-E
　　　　　　　　　　　　　　　　:
CATHERINE Y. PEI,　　　　　　　:
a/k/a CATHERINE BYNUM,　　　　 :
　　　　　　　　　　　　　　　　:
　　　　　　　　　Respondent. :
　　　　　　　　　　　　　　　　:

## REPLY IN OPPOSITION TO RESPONDENT'S LETTER RESPONSE TO PETITION TO ENFORCE SUMMONS AND ORDER TO SHOW CAUSE

The United States seeks to enforce an Internal Revenue summons issued to respondent Catherine Y. Pei ("Pei" or "the respondent") on February 20, 2004.  As demonstrated through the declaration of IRS Revenue Agent Shannon Dickerson ("Dickerson"), the summons is enforceable under United States v. Powell, 379 U.S. 48, 57-58 (1964).  In response to the United States' petition to enforce the summons, Pei has filed a letter response asserting that she does not possess documents with respect to her bank and MasterCard credit card accounts at Leadenhall Trust Company, Ltd. (a/k/a Axxess International Bahamas, Ltd.) ("Leadenhall").  Pei's general denial of possession is insufficient as a matter of law, and is not credible, because she does not state that she does not have custody or control of the documents, or that she is unable to obtain the records pertaining to her bank and MasterCard credit card at Leadenhall.

803526.1

## STATEMENT OF MATERIAL FACTS

On May 11, 2005, the United States filed this proceeding against Catherine Pei seeking an order enforcing an IRS summons. The United States' petition was supported by the declaration of Revenue Agent Shannon Dickerson, employed in Wheaton, Maryland. The petition was further supported by a declaration of IRS Agent Barbara Kallenberg, and a declaration of Giksa Gonzalez (attached to the United States' Fed.R.Evid. 902(11) Notice).

Dickerson is assigned to examine the federal tax liabilities of Pei (and her former spouse Robert Bynum) ("the taxpayers"), and the purpose of the IRS' examination is to determine the taxpayers' correct taxable income for the tax years 1999 and 2000. (Dickerson Decl. ¶4; Petition ¶ 8.) The investigation of the taxpayers was initiated based on information gathered in the IRS's Offshore Credit Card Project – an on-going effort to identify persons who attempt to conceal taxable income by transferring funds to offshore jurisdictions and then use credit or payment cards to access these funds in the United States. (Dickerson Decl. ¶ 6; Petition ¶ 11.)

To date, the Service's investigation has revealed that during the years at issue, Pei owned, maintained and/or used a MasterCard credit card, Account No. 5482-82**-****-2511, issued by Leadenhall, located in the Bahamas.[1] MasterCard credit cards issued by Leadenhall and used by non-Bahamian residents require the cardholder to

_____

[1] The credit card account numbers are partially redacted to protect the privacy of the taxpayer.

803526.1

maintain at least one bank account at Leadenhall which is used to secure the credit card. The credit limit for the MasterCard credit card issued through Leadenhall is dependent on the amount of funds in the secured account(s). This credit card enables the card holder to repatriate funds from the cardholder's Leadenhall bank account through, for example, credit card purchases. (Kallenberg Decl. ¶8; Petition ¶12.)

To gather additional information, Dickerson issued an Internal Revenue Service summons to Pei on February 20, 2004. The summons directed Pei to appear on March 22, 2004, for the purpose of giving testimony and producing for examination books, papers, records, or other data as described in said summons, including producing records pertaining to foreign bank or financial accounts. (Dickerson Decl. ¶9; Petition ¶ 12.) A copy of the summons is attached as Exhibit 9 to the declaration of Shannon Dickerson.

In accordance with 26 U.S.C. § 7603, on February 20, 2004, Dickerson served an attested copy of the Internal Revenue Service summons on Pei by certified mail, as indicated on the certificate of service that is part of Exhibit 9. Additionally, Pei was personally served with a copy of the summons on February 25, 2004, when Internal Revenue Agent Grace Trocki left a copy of the summons posted to the door of her residence. (Dickerson Decl. ¶10; Petition at ¶ 15.)

The Internal Revenue summons seeks relevant information which may shed light on Pei's correct tax liabilities for the tax years set forth in paragraph 8 above. Because Pei maintained an offshore MasterCard credit card through Leadenhall during some or

803526.1

all of the periods at issue, she may have transferred funds from the United States to a bank account that secured the offshore credit card, or generated funds offshore and deposited them into an offshore bank account that secured the MasterCard credit card. Moreover, because Pei owned and used a MasterCard credit card issued by Leadenhall, an offshore bank account may have been used to pay the charges to that credit card account. The Service needs to examine the nature, source and possible movement of those funds to determine the correct tax liabilities of the taxpayer. (Dickerson Decl. ¶11; Kallenberg Decl. ¶8; Petition at ¶16.)

The records sought by the summons are not already in the possession of the Internal Revenue Service, except for those few documents identified in paragraph 18 of the petition and paragraph 14 of Shannon Dickerson's declaration. Moreover, all administrative procedural steps required by the Internal Revenue Code of 1986 (as amended) for the issuance of a summons have been taken. (Dickerson Decl. ¶ 15; Petition ¶ 20.) As of the date of this petition, no "Justice Department referral" is in effect with respect to the taxpayer. More specifically, no recommendation has been made by the Service to the Department of Justice for a grand jury investigation or criminal prosecution of the taxpayer for the years under investigation. Moreover, the Department of Justice has not made any request under 26 U.S.C. § 6103(h)(3)(B) for the disclosure of any return or return information (as those terms are defined in the Internal Revenue Code (26 U.S.C. § 6103(b)) relating to the taxpayer. *See also* 26 C.F.R. §§ 301.7602.1(c)(2)(i) and (ii). (Dickerson Decl. ¶ 5; Petition ¶ 9.)

-4-

803526.1

Pei did not appear on March 22, 2004 in response to the summons, and her failure to comply with the summons continues to this date. (Dickerson Decl. ¶¶12-13; Petition at ¶ 17.)

Following the filing of the United States' petition to enforce the summons, supported by the declarations, on June 14, 2005, the Court issued an order to Pei requiring her to show cause why the IRS summons should not be enforced. In the Court's Order, the Court:

> ORDERED that within eleven (11) days of service of a copy of this Order, along with the other documents identified above, (Respondent Catherine) Pei shall file with the Court and serve on Government counsel a written response to the Petition supported by appropriate affidavit(s), as well as any motions Pei desires to make; and it is further
>
> ORDERED that all motions and issues raised by Pei will be considered upon the return date of this Order; that only those issues raised by motion or brought into controversy by the responsive pleading, and supported by affidavit(s), will be considered at the return date of this Order; that any uncontested allegations in the Petition will be considered as admitted for purposes of this enforcement proceeding; that affidavits in opposition to the Petition or in support of any motion shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein; and that any affidavit failing to comply with this standard shall not be considered by the Court; * * * * * * *

June 14, 2005 Order at 2-3. The procedure set forth in the Court's order was established by the Third Circuit. See United States v. McCarthy, 514 F.2d 368, 372-373 (3d Cir. 1975); United States v. Garden State National Bank, 607 F.2d 61, 70, 71 (3d Cir. 1979).

Pei was personally served with the Order to Show Cause on June 23, 2005. (Decl. of

803526.1

Grace Trocki ¶2.)

On June 27, 2005, Pei sent a letter to the Court generally expressing a willingness to comply with the summons, but denying that she currently possesses "personal and business Tax Returns, and any other records of events that occurred when I was married to Mark Bynum," including her bank account or MasterCard credit card account at Leadenhall Bank. (Pei Letter at p. 4). But Pei did not assert that she is unable to obtain these records, nor did she support and ascertain with the sworn oath.

ARGUMENT

By filing the petition and supporting declarations, the government has established that the summons is enforceable under <u>United States v. Powell,</u> 379 U.S. at 57-58, and the burden shifts to Pei to establish why the summons should not be enforced. Pei's letter response does not comply with the Court's order requiring an affidavit, is not notarized or under penalties of perjury, and therefore is incompetent. Moreover, Pei's response does not establish that she does not have custody or control over the summoned documents. Accordingly, the IRS's summons should be summarily enforced.

-6-

1.    The United States Has Established a Prima Facie Case for Enforcement of the Summons.

Because the United States established a prima facie case for enforcing the summons,[2] the burden shifts to Pei to prove a valid purpose does not exist, or to show that enforcement of the summons would otherwise be an abuse of the Court's process. United States v. Wheaton, 791 F. Supp. 103, 105 (D.N.J. 1992) (citing among other cases United States v. Powell, 379 U.S. at 58; United States v. Rockwell Int'l, 897 F.2d at 1262 ("an 'appropriate ground' for challenging the summons exists when the taxpayer disproves one of the four elements of the government's Powell showing, or otherwise demonstrates an abuse of the court's process."). Agent Dickerson's declaration, and the supplement thereto, establishes all of the requisite standards for enforcement of the summons. United States v. Wheaton, 791 F. Supp. at 104. Accordingly, "the party opposing an IRS summons must come forward with specific facts, under oath, from his or her own resources, demonstrating that a triable issue exists on a legally sufficient defense, in order to justify an evidentiary hearing." Johnson v. United States, 607 F. Supp. 347, 348 (E.D. Pa. 1985).

---

[2]To demonstrate a prima facie case for enforcement, the United States need only show: (1) that the summons was issued for a proper purpose; (2) that the information sought may be relevant to that purpose; (3) that the information being sought is not already in the possession of the Internal Revenue Service; and (4) that the administrative steps required by the Code with respect to the issuance and service of a summons have been followed. United States v. Powell, 379 U.S. at 57-58; United States v. Rockwell Int'l, 897 F.2d 1255, 1262 (3d Cir. 1990); United States v. Garden State Nat'l Bank, 607 F.2d at 67-68.

803526.1

2.    Pei's Response Is Inefficacious.

The standards imposed on respondent in answering the petition as set forth in the Court's February 11th order were established almost thirty years ago (see United States v. McCarthy, supra), and are similar to the summary judgment standard set forth in Fed.R.Civ.P. 56. That is, respondent is not even entitled to an evidentiary hearing unless she establishes, by admissible evidence,[3] a genuine issue of material fact with respect to the allegations set forth in the petition to enforce the summons. See Moutevelis v. United States, 727 F.2d 313, 315 (3d Cir. 1984) (An evidentiary hearing in an IRS summons case "is required only when, judged by the standard of Fed.R.Civ.P. 56(c), the petition and affidavits in support and in opposition to it establish a material fact issue."); see also United States v. McCarthy, 514 F.2d at 373. The respondent submitted a letter instead of an affidavit as required by the Order to Show Cause. Moreover, the respondent's letter is not notarized, and is not under penalties of perjury. Accordingly, it is incompetent, and should be disregarded.

---

[3]Cf. Hlinka v. Bethlehem Steel Corp., 863 F.2d 279, 282-283 (3d Cir. 1988) (Because statements contained in affidavit were hearsay, and therefore, did not meet the requirements of, Rule 56(e), the affidavit "may not be considered in deciding defendants' motion for summary judgment"); In re Paoli Railroad Yard PCB Litigation, 35 F.3d 717, 770 (3d Cir. 1994) ("[H]earsay testimony is insufficient to survive a motion for summary judgment").

-8-

3.    Pei's General Denial Regarding Lacking Possession of Her Records
Is Neither Sufficient Nor Credible.

To the extent that the letter response submitted by the respondent raises her lack

of physical possession of the documents as defense to enforcement of the summons,

see United States v. Wheaton, 791 F. Supp. at 105, such defense is insufficient.   It is

beyond dispute that banks issue records to their customers.  Such records include

monthly statements of a customer's account.  Moreover, it is not subject to reasonable

dispute that the card holder of a credit card is also sent monthly or other periodic

statements.  Such facts are generally well known.  This Court is requested to take

judicial notice of such facts.  See Kaggen v. IRS, 71 F.3d 1018, 1020 (2d Cir. 1995) ("That

banks send customers monthly statements which inform customers to whom their

money was paid and in what amounts is not reasonably subject to dispute .... Moreover,

those facts are generally known ....").  Taxpayers can readily obtain records pertaining

to their bank accounts and credit cards maintained at and issued through offshore

banks.  See e.g. United States v. Plath, 2003 WL 23138778 at * 3 (S.D. Fla. 2003)

(Taxpayer who had obtained MasterCard credit card through offshore bank, Leadenhall

Trust Co., Bahamas, and who failed to produce any statements for his foreign bank

account and credit card, was held in contempt of an order enforcing an IRS summons

where he "failed to use any efforts to contact [the offshore bank] to obtain the necessary

documentation."; United States v. Hall, 2003 WL 23239979 at  * 3, 4 (M.D. Fla. 2003)

(Court credited testimony of IRS Agent Kallenberg that taxpayers have access to or

-9-

control over their records from Leadenhall, and taxpayers failed to produce evidence

showing that they had no ability to obtain the summoned records from Leadenhall for

their accounts.), report & rec. adopted, 2003 WL 23241703 (M.D. Fla. 2003).

    Therefore, it is clear that Pei exercises some degree of control over the records.

"Control is defined not only as possession, but as the legal right to obtain documents

requested upon demand." Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984); see

also Alexander v. Federal Bureau of Investigation, 194 F.R.D. 301 (D.D.C. 2000) ("it is

well-established that "control", which is defined not as possession, but as the legal right

to obtain documents on demand, is the test as to whether production is required");

Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 636 (D. Minn. 2000) ("'Control" does

not require that the party have legal ownership or actual physical possession of the

documents at issue; rather, documents are considered to be under a party's control

when that party has the right, authority, or practical ability, to obtain the documents

from a nonparty to the action").  Pei offers no explanation as to why she has not or

cannot obtain her records from Leadenhall bank – and the only explanation for why she

has not demanded these records from her ex-husband is that she "did not want to be in

contact with him." (Pei Letter at p. 1.)   Given this failure of proof to support her

defense, Pei's conclusory denial is insufficient to preclude enforcement of the summons

at issue. See United States v. Huckaby, 776 F.2d 564, 567-69 (5th Cir. 1985) cert. denied,

475 U.S. 1085 (1986).

-10-

803526.1

4.    The Court Should Enforce the Summons.

Given the foregoing, the Court should summarily enforce the summons against Pei. See Alphin v. United States, 809 F.2d at 238 (4th Cir. 1987)(As a matter of law the government established a prima facie case against the taxpayer through its agent's affidavit, and the taxpayer's response was insufficient to rebut the government's case); Hintze v. IRS, 879 F.2d 121, 129 (4th Cir. 1989)(The submission of an affidavit by taxpayers' counsel provided "little if any evidentiary support," and, therefore, district court did not abuse its discretion in denying request for discovery or holding an evidentiary hearing, and disposing of the case on the pleadings, nor could court state that district court committed clear error for granting government's motion for summary enforcement of IRS summonses.)

-11-

CONCLUSION

Given the foregoing, the Court should summarily enforce the summons at issue.

Dated: July 5, 2005

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

LEE J. KARL
Assistant United States Attorney
700 Grant Street, 4th Floor
Pittsburgh, Pennsylvania 15219
Telephone: (412) 644-3500

DARA B. OLIPHANT
CHARLES M. FLESCH
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-9785
            (202) 307-6635

-12-

803526.1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,          :
                                   :
                    Petitioner,    :
                                   :
v.                                 :        No.  CA-05-141-E
                                   :
CATHERINE Y. PEI,                  :
a/k/a CATHERINE BYNUM,             :
                                   :
                    Respondent.    :
                                   :

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing REPLY IN OPPOSITION TO

RESPONDENT'S LETTER RESPONSE TO PETITION TO ENFORCE SUMMONS AND

ORDER TO SHOW CAUSE, has been made this 7 th day of July, 2005, by depositing

copies thereof in the United States mail, postage prepaid, addressed as follows:

        Catherine Y. Pei
        6301 West Ridge Road
        Erie, PA 16508

DARA B. OLIPHANT

803526.1