IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Petitioner, | : | |
| v. | : | No. CA-05-141-E |
| CATHERINE Y. PEI,<br>a/k/a CATHERINE BYNUM, | : | |
| Respondent. | : | |

## UNITED STATES' MOTION TO ADJUDICATE CATHERINE Y. PEI IN CONTEMPT, AND FOR INCARCERATION

Pursuant to 26 U.S.C. §§ 7402(b) and 7604(a), the United States of America moves for a determination that Catherine Y. Pei is in contempt of this Court's August 16, 2005 Order enforcing an Internal Revenue summons that was served on her on February 20, 2004.

As grounds for this motion, the United States submits that, at the hearing held in this matter on July 27, 2005, the respondent indicated that she would consent to appearing before the Service (1) to answer questions and (2) to produce documents regarding to produce for examination and copying the items demanded in the summons relating to any foreign credit card or bank account and which were not already in the possession of the Internal Revenue Service, provided that she would be permitted to invoke her Fifth Amendment privilege against self-incrimination on a question-by-question and document-by-document basis.

On August 16, 2005, the Court entered an order requiring Pei to appear before the Internal Revenue Service to testify and to produce the previously-described documents. Pursuant to the Court's order, on August 31, 2005, Pei appeared in front of Revenue Agent Dickerson, but refused to produce the summoned documents, and repeatedly invoked the Fifth Amendment, despite the fact that the Fifth Amendment does not protect the summoned documents at issue in this case. Accordingly, Pei has not obeyed the Court's August 16, 2005 Order, and should be held in contempt and incarcerated until she complies with the summons.

A memorandum of law in support and a proposed order granting the requested relief are filed in support of this motion.

WHEREFORE, the United States respectfully moves for the following relief:

A. That the Court order Catherine Y. Pei to show cause why she should not be adjudged in contempt for having failed to obey the Court's August 16, 2005 Order enforcing the IRS summons served on her on February 20, 2004, and why she should not be incarcerated until such time as she purges herself of the contempt;

B. That the Court adjudicate Catherine Y. Pei in contempt and incarcerate her for an indefinite time until she purges herself of the contempt by producing the documents that were identified on the summons, including the foreign bank or financial account records, and by appearing before Agent Dickerson and providing testimony; or, alternatively,

C. If the Court is not inclined to incarcerate Catherine Y. Pei, then Pei should be fined starting at $1,000 per day, and continuing each day until such time as she purges herself of the contempt;

D. Allowing the United States to recover its costs in filing and maintaining this motion; and

E. That the Court grant the United States such other and further relief as is just and proper.

Dated: November 10, 2005.

                Respectfully submitted,

                MARY BETH BUCHANAN
                United States Attorney

                LEE J. KARL
                Assistant United States Attorney

                */s/ Dara B. Oliphant*
                DARA B. OLIPHANT
                CHARLES M. FLESCH
                Trial Attorneys, Tax Division
                U.S. Department of Justice
                P.O. Box 227, Ben Franklin Station
                Washington, D.C. 20044
                Telephone: (202) 616-9785
                            (202) 307-6635